```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| TD BANK, N.A. | : |
|  | : |
| v. | : Civil Action No. DKC 24-255 |
|  | : |
| GRAFFITI HEALTHCARE PROVIDERS INC., et al. | : |

**MEMORANDUM OPINION**

Plaintiff T.D. Bank, N.A. filed this action on January 25, 2024, alleging that Defendants Graffiti Healthcare Providers, Inc. ("Graffiti") and Charles Olawole failed to repay their Promissory Note. (ECF No. 1). Plaintiff requested the entry of judgment by confession for the balance of the Promissory Note, interest, attorneys' fees, and collection expenses.

The case was referred to Magistrate Judge Quereshi on February 26, 2024, for review of the complaint and for entry of judgment by confession pursuant to Local Rule 301.6.ak. (ECF No. 2). Magistrate Judge Quereshi entered judgment on March 1, 2024, in favor of Plaintiff TD Bank, N.A. and against Defendants in the amount of $112,269.64, plus continuing interest under the terms of the Promissory Note and determined that (1) Defendants waived the right to notice and a prejudgment hearing on the merits and (2) Plaintiff has a meritorious claim for the requested outstanding damages, accrued and continuing interest, and resulting court

costs. (ECF No. 3). The Clerk issued a Notice of Entry of Judgment by Confession to each Defendant the same date, March 1, 2024, advising Defendants that they have thirty (30) days after service of the Notice to file a motion to open, modify, or vacate the judgment. (ECF No. 4). Plaintiff filed affidavits of service on April 3, 2024, advising that Defendants were served on March 28, 2024, with a copy of the Complaint for Entry of Judgment by Confession and its attachments, Magistrate Judge Quereshi's Order of March 1, 2024, entering judgment, and the Clerk's Notice of Entry of Judgment by Confession. (ECF Nos. 5, 6).

Defendant Charles Olawole, acting on his own behalf, filed a motion to vacate judgment on April 16, 2024. (ECF No. 8).

Mr. Olawole also submitted a motion to vacate judgment on behalf of Graffiti in his capacity of President. However, because a corporation is not a natural person, it may appear in this court only through a licensed attorney. *See Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.") Individuals may appear pro se on behalf of themselves in civil cases, *see* 28 U.S.C. § 1654, however, "[t]he right to litigate for oneself, however, does not create a coordinate right to litigate for

2

others," *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005). Further, the Local Rules of this court state that "[i]ndividuals who are parties in civil cases may only represent themselves." Local Rule 101.1(a). The Local Rules also provide that "[a]ll parties other than individuals must be represented by counsel." *Id*. Here, Mr. Olawole does not assert that he is an attorney or a member of the bar of the court.

Because a corporation must be represented by counsel pursuant to Local Rule 101.1(a), the court cannot accept the motion to vacate judgment filed on behalf of Graffiti. Nevertheless, it will provide an extension of time, to May 2, 2024, for counsel to enter an appearance.

A separate order follows.

_____/s/_____<br>
DEBORAH K. CHASANOW<br>
United States District Judge