```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                                    :
TD BANK, N.A.
                                    :
     v.                             :   Civil Action No. DKC 24-255
                                    :
GRAFFITI HEALTHCARE PROVIDERS
INC., et al.                        :
```

**MEMORANDUM OPINION**

Plaintiff TD Bank, N.A. ("TD Bank") sought and received entry of a judgment by confession against Defendants Graffiti Healthcare Providers, Inc. ("Graffiti") and Charles Olawole ("Mr. Olawole"). (ECF No. 3). Mr. Olawole filed a motion to vacate that judgment against him on April 16, 2024. (ECF No. 8). TD Bank filed a response in opposition on April 30, 2024. (ECF No. 11). No reply has been filed and the time to do so has expired. For the following reasons, the motion will be denied.

**I. Standard of Review**

The entry of judgment by confession is governed by District of Maryland Local Rule 108.1. *See Sager v. Housing Com'n of Anne Arundel County,* 855 F.Supp.2d 524, 553 n.37 (D.Md. 2012) (noting that the Rules of Procedure governing confessed judgments in Maryland state courts "are analogous to this Court's procedures with respect to confessed judgments" (citing Local Rule 108.1))). Initially, the court reviews the motion and accompanying documents

to determine whether there was a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages, and a meritorious claim of the plaintiff for liquidated damages against the defendant.  Once that showing is made, the court directs entry of judgment and a notice is provided to the defendant, advising of the entry of judgment and of the thirty-day period within which to file a motion to vacate, open, or modify the judgment.

Local Rule 108.1(e) governs a motion to vacate a confessed judgment.  It states:

> If the evidence presented establishes that there are substantial and sufficient grounds for an actual controversy as to the merits of the case, the Court shall order the judgment by confession vacated, opened, or modified, with leave to the defendant to file a pleading, and the case shall stand for trial. If the evidence does not establish that there are substantial and sufficient grounds for actual controversy as to the merits of the case, the judgment shall stand to the same extent as a final judgment.

Judge Grimm has characterized the process as follows:

> Put another way, the issue is whether the motion "rais[es] a genuine issue of material fact sufficient to constitute a meritorious defense to the confessed judgment." *Signet Bank/Md. v. Wellington*, 968 F.2d 1212 [(4th Cir. 1992)]; *Steamship Trade Ass'n of Balt., Inc. v. Peters*, No. 09-cv-109-WDQ, 2009 WL 2924810, at *2 (D.Md. Sept. 9, 2009) (quoting

2

> *Signet Bank*[, 968 F.2d at 1212]). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party," or, in this case, the defendant. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). However, "[t]he 'mere assertion of a defense is insufficient to satisfy the burden of proof necessary to vacate a confessed judgment.'" *Steamship*, 2009 WL 2924810, at *2 (*quoting Leasing & Fin., Inc. v. IPM Tech., Inc.*, 885 F.2d 188, 194 (4th Cir. 1989)).

*Aeons Centro de Administracao de Empresas, Ltd. v. Cent. Bank of Nigeria*, No. 11-cv-3447-BEL, 2012 WL 2675259, at *3 (D.Md. July 3, 2012), *report and recommendation adopted sub nom. Aeons Centro De Administracao De Empresas LTD v. Cent. Bank of Nigeria*, No. 11-cv-3447-BEL, 2012 WL 3233523 (D.Md. Aug. 3, 2012).

**II. Discussion**

Mr. Olawole's motion simply requests "to vacate the judgment against [him] as I was never served or given an opportunity to defend myself in the court." (ECF No. 8). Plaintiff filed an opposition to that motion, pointing out the substance of Local Rule 108.1(d), requiring that any motion to vacate must set forth fully the facts relied on for asserting that the defendant has a meritorious defense to the cause of action—not to the entry of judgment by confession. (ECF No. 11, at 3). Specifically, Plaintiff contends that Mr. Olawole's motion "contains no facts

3

whatsoever, much less facts supporting a meritorious defense." (ECF No. 11, at 2) (citing ECF No. 8).  Pointedly, Mr. Olawole did not file any reply and has not sought to supplement his motion.

Mr. Olawole's skeletal motion merely presents an unsupported assertion that he was never served with the complaint.  Entry of a judgment by confession, however, does not require service of a summons and complaint prior to the entry of judgment, and the affidavit of service reflects that Mr. Olawole was indeed served with the order entering judgment by confession as well as its corresponding notice.  (ECF No. 6).  Because Mr. Olawole has not satisfied the burden he has to justify vacating the judgment, his motion will be denied.  A separate order will be entered.

                                                   /s/
                            DEBORAH K. CHASANOW
                            United States District Judge